# United States District Court
## for the
# District of Alaska
### Petition for Warrant or Summons for Offender Under Probation

Name of Offender: Great Pacific Seafoods, Inc.                Case Number: A01-0015 CR (HRH)

Sentencing Judicial Officer:     H. Russel Holland, Senior U.S. District Court Judge

Date of Original Sentence:       June 27, 2001

Original Offense:                Clean Air Act - Violate Asbestos Work Practice Standards

Original Sentence:               Five years probation, $75,000 fine, $7,000 restitution, $400 special assessment

Date Supervision Commenced:      June 27, 2001

Asst. U.S. Attorney: Bryon Schroeder              Defense Attorney: David Chambers

## PETITIONING THE COURT

[ ]   To issue a warrant
[X]   To issue a summons

The probation officer believes that the offender has violated the following condition(s) of probation:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | The defendant has violated the Special Condition of Supervision number 1 stating that "The defendant shall not commit any further violations of environmental laws, regulations or permits of the United States including those for which primary enforcement has been delegated to the State," in that from July 27, 2001 to the present, Great Pacific Seafoods (GPS) was found to be operating two outfall lines, while being permitted to operate only one in violation of the National Pollutants Discharge Elimination System (NPDES) Permit AK-G52-0160 pertaining to GPS, Inc. This violation is a Grade C violation. |
| 2 | The defendant has violated the Special Condition of Supervision number 1 stating that "The defendant shall not commit any further violations of environmental laws, regulations or permits of the United States including those for which primary enforcement has been delegated to the State," in that on July 31, 2004, Great Pacific Seafoods (GPS) was found to be allowing bloody wastewater to leak from a tote to a storm water ditch, which in turn drained into Passage Canal in violation of the National Pollutants Discharge Elimination System (NPDES) Permit AK-G52-0160 pertaining to GPS, Inc. This violation is a Grade C violation. |

| | |
|---|---|
| 3 | The defendant has violated the Special Condition of Supervision number 1 stating that "The defendant shall not commit any further violations of environmental laws, regulations or permits of the United States including those for which primary enforcement has been delegated to the State," in that from July 27, 2001, GPS, Inc. failed to conduct a complete dive survey at the "gut truck" outfall line in violation of the National Pollutants Discharge Elimination System (NPDES) Permit AK-G52-0160 pertaining to GPS, Inc.   This violation is a Grade C violation. |
| 4 | The defendant has violated the Special Condition of Supervision number 1 stating that "The defendant shall not commit any further violations of environmental laws, regulations or permits of the United States including those for which primary enforcement has been delegated to the State," in that from July 27, 2001 to May 17, 2005, GPS, Inc. failed to conduct a daily grinder inspection in violation of the National Pollutants Discharge Elimination System (NPDES) Permit AK-G52-0160 pertaining to GPS, Inc.   This violation is a Grade C violation. |
| 5 | The defendant has violated the Special Condition of Supervision number 1 stating that "The defendant shall not commit any further violations of environmental laws, regulations or permits of the United States including those for which primary enforcement has been delegated to the State," in that GPS, Inc. failed to develop a complete Best Management Practices (BMP) Plan in violation of the National Pollutants Discharge Elimination System (NPDES) Permit AK-G52-0160 pertaining to GPS, Inc.   This violation is a Grade C violation. |
| 6 | The defendant has violated the Special Condition of Supervision number 1 stating that "The defendant shall not commit any further violations of environmental laws, regulations or permits of the United States including those for which primary enforcement has been delegated to the State," in that as of February 14, 2005, GPS, Inc. failed to submit a complete Annual Report for 2004 in violation of the National Pollutants Discharge Elimination System (NPDES) Permit AK-G52-0160 pertaining to GPS, Inc.   This violation is a Grade C violation. |
| 7 | The defendant has violated the Special Condition of Supervision number 1 stating that "The defendant shall not commit any further violations of environmental laws, regulations or permits of the United States including those for which primary enforcement has been delegated to the State," in that between July 27, 2001 and May 17, 2005, GPS, Inc. failed to conduct monitoring and maintain logs in violation of the National Pollutants Discharge Elimination System (NPDES) Permit AK-G52-0160 pertaining to GPS, Inc.   This violation is a Grade C violation. |

| | |
|---|---|
| 8 | The defendant has violated the Special Condition of Supervision number 1 stating that "The defendant shall not commit any further violations of environmental laws, regulations or permits of the United States including those for which primary enforcement has been delegated to the State," in that as of February 14, 2004, GPS, Inc. failed to submit a complete Annual Report for 2003 in violation of the National Pollutants Discharge Elimination System (NPDES) Permit AK-G52-0160 pertaining to GPS, Inc. This violation is a Grade C violation. |

Respectfully Submitted,

**REDACTED SIGNATURE**

Eric D. Odegard
U.S. Probation Officer

June 20, 2006
Date

Petition for Warrant or Summons
Name of Offender       :       Great Pacific Seafoods, Inc.
Case Number            :       A01-0015 CR (HRH)

THE COURT ORDERS

[ ]   *The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender. The petition for probation revocation is referred to the Magistrate Judge for initial appearance only.*

 *The issuance of a summons. The petition for probation revocation is referred to the Magistrate Judge for initial appearance only.*

[ ]   Other:



REDACTED SIGNATURE

H. Russel Holland
Senior U.S. District Court Judge

6/20/06
Date

**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(I), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.
**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio,* 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge. Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

# United States District Court
### for the
# DISTRICT OF ALASKA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case Number: A01-0015 CR (HRH) |
| vs. ) | DECLARATION IN SUPPORT OF PETITION |
| ) | |
| Great Pacific Seafoods, Inc.       ) | |

I, Eric Odegard, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of Probation for Great Pacific Seafoods, Inc., Federal Employer I.D. # 22695282, and in that capacity declare as follows:

On June 27, 2001, the Court sentenced Great Pacific Seafoods, Inc. (GPS) to five years probation following their conviction for Violating Asbestos Work Practice Standards under the Clean Air Act, 42 U.S.C. §§ 7412(f)(4) and (h) and 7413(c)(1), and 18 U.S.C. § 2.  The organizational representative, Roger D. Stiles, was also convicted of a violation of the Clean Air Act and sentenced to a three-year term of probation that same day.  A special condition of of probation for GPS, as agreed to by the parties in a plea agreement signed in January 2001, is that, *The defendant shall commit no further violations of environmental laws, regulations or permits of the United States, including those for which primary enforcement has delegated to the state.*  GPS was also ordered to pay a fine of $75,000, restitution of $7,000, and a special assessment of $400.  GPS has paid all of the court-ordered financial obligations in full and the term of probation for GPS is due to expire on June 26, 2006.

On July 31, 2004, Alaska Department of Environmental Conservation (ADEC) Lead Inspector, Mary Kate McKerney, conducted an inspection of the GPS facility[1] at 710 Whittier Avenue, Whittier, Alaska.  The purpose of the inspection was to determine GPS's compliance with the NPDES Permit # AK-G52-0160.  The NPDES permit is effective July 27, 2001 to July 27, 2006.  GPS submitted an application to EPA on April 10, 2000, which included a Notice of Intent (NOI), requesting authorization to discharge in accordance with an NPDES permit.  The report of inspection finds that GPS was not in compliance with the NPDES Permit in at least eight areas.

---

[1]  The GPS facility in Whittier operates April 28 to September 15 and employs approximately 60 seasonal employees, who process 140,000 pounds of primarily salmon (Chum and Pink) per day on average during the season.

1. The report indicates that there was an unauthorized discharge from at least July 27, 2001 (effective date of current Permit) through present. During the inspection ADEC discovered that GPS had two outfall lines (a "harbor line" outfall and a "gut truck" outfall) but is permitted for only one (the "harbor line" outfall).

2. The report indicates that there was an unauthorized discharge on July 31, 2004 (date of inspection). According to the report, bloody wastewater was observed leaking from a tote to storm water ditches located in front of the facility and to the east which discharge to the boat harbor. This discharge directly enters Passage Canal and bypasses the facility's waste conveyance and treatment system in violation of the permit, which states that "a permittee shall route all seafood processing waste through a waste conveyance and treatment system."

3. The report indicates that there was a failure to conduct a complete dive survey as required by the permit at the "gut truck" outfall, from at least July 27, 2001 through the present.

4. The report indicates that there was a failure to conduct daily grinder inspections as required by the permit from July 27, 2001 through May 17, 2005 (GPS provided copies of monitoring records from May 18, 2005 forward).

5. The report indicates that GPS failed to develop a complete Best Management Practices (BMP) Plan. During the inspection, Inspector McKerney documented that the BMP Plan for the GPS facility was incomplete and contained numerous deficiencies.

6. GPS failed to submit an Annual Report for 2004. Annual reports are due to EPA by February 14th following each year of operation and discharge. GPS did not submit its 2004 Annual Report to EPA until November 7, 2005; only after EPA had initiated settlement negotiations regarding violations observed during the inspection.

7. The report indicates that GPS failed to conduct sea surface and shoreline monitoring and maintain logs from July 27, 2001 through May 17, 2005. (GPS provided copies of monitoring records from May 18, 2005 forward). During the 2004 inspection, Inspector McKerney discovered that GPS was filling out its sea surface and shoreline monitoring logs incorrectly and incompletely.

8. GPS failed to submit a complete Annual Report for 2003. GPS' 2003 Annual Report is incomplete. The 2003 Annual Report does not provide distinct discharge amounts for the two outfalls.

2

On July 26, 2005, as part of a related civil proceeding, the EPA issued a Notice of Intent to File Complaint for Clean Water Act Violations: Opportunity to Confer prior to Filing; Great Pacific Seafoods, Inc., Whittier Facility Permit No. AK-G52-0160. This Notice is a letter to Mr. Jack Dematie, Owner of GPS. It puts Dematie on notice that the EPA intends to file an administrative complaint against GPS for violations of the CWA discovered during the July 31, 2004 inspection by the State of Alaska Inspector. The letter indicated that the CWA violations involve GPS's failure to comply with NPDES permit number AK-G52-0160. A list of 19 permit violations is attached to the letter.

On September 26, 2002, as part of the related civil proceeding, Roger Stiles, General Manager, GPS, signed a Compliance Agreement with the U.S. Environmental Protection Agency (EPA) in EPA CASE NOS. 01-0047-00 & 01. This document details the above referenced criminal convictions for both Stiles and GPS and indicates that GPS had created and implemented a compliance plan, which is attached to the Compliance Agreement as Exhibit 3, to ensure GPS's future compliance with federal environmental laws. A further term of the agreement is that GPS agreed to provide training to all employees on the Clean Water Act (CWA), which prohibits discharges of pollutants in to surface waters unless authorized by a National Pollutants Discharge Elimination System (NPDES) permit issued by the EPA. The Compliance Agreement states that GPS has two such Alaska permits, which are very explicit and employees are instructed to avoid discharges except after explicit discussions with supervisors. This document is also signed by representatives of the EPA.

On October 28, 2002, as part of the related EPA civil proceeding, Roger D. Stiles signed a Declaration of Environmental, Health, and Safety Commitment with the EPA entitled "in re: Great Pacific Seafoods Inc. and Roger Stiles" in EPA Case Nos 01-0047-00 & 01. That same day, another GPS employee, Glen Brackett signed a similar declaration. The substance of these declarations is that the Declarants attest that they will not participate or permit illegal environmental violations including CWA violations of local, state, or federal law and will report same if discovered.

On November 9, 2004, the EPA conducted a telephone audit of the Compliance Agreement between EPA and GPS. The report of the audit reviews the history of GPS operations and the ADEC inspection on July 31, 2004. The auditor, W. Douglas Smith, Senior Compliance Investigator summarized the general catagories of violations at GPS facilities outlined in the ADEC report as follows:

- Failure to accurately report pounds of fish and/or raw processed each year.
- Failure to specify shore and at sea discharge type and amounts.
- Failure to notify discharge modifications.
- Incomplete Best management plan (BMP).
- Failure to provide proof that the BMP was reviewed and endorsed by the facility manager.
- Failure to keep and maintain waste conveyance inspection logs.

- Failure to keep and maintain daily grinder inspection and grind size logs and keep them available for review.
- Outfall ground waste size is not inspected or logged. Neither of the discharge lines had sample ports to monitor ground waste size.
- Question about the authenticity of diver inspection of the outfall at discharge pipe. ($100 paid fora 20 minute dive on the pipe appeared to be inconsistent with a comprehensive inspection and typical dive costs for similar work).
- There are two outfall lines at the Whittier facility. A dive survey was reported on only one line. The line that discharges the majority of the waste was not surveyed.
- Failure to perform sea surface monitoring as required in the permit.
- Failure to perform shoreline monitoring as required in the permit.
- Failure to keep notice of intent (NOI) to discharge up to date, complete, and current.
- Failure to follow food processing and food handling procedures to insure worker cleanliness and prevent contamination of food processing line.

Executed this 20th day of June, 2006, at Anchorage, Alaska, in conformance with the provisions of 28 U.S.C. § 1746. I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

**REDACTED SIGNATURE**

Eric Odegard
U.S. Probation Officer

4